Dykman, J.
This action was brought for the recovery of money which the plaintiff claimed he had loaned to the defendant at his request for his support and education, and also for the recovery of a sum of money for the use of the plaintiff’s horse and wagon.
The defendant admitted the receipt of the money, and the use of the horse and wagon, but his defense was that the money was advanced as a gift and not as a loan, and also in fulfillment of a prior agreement of the plaintiff to compensate the defendant for the care of his father, and that the defendant was to have the use of the horse and wagon for keeping them. The plaintiff and defendant are brothers, and upon the trial of the cause at the circuit, a verdict was rendered for the defendant.
One point of controversy upon the trial had reference to a policy of insurance held by the plaintiff upon the life of the defendant, and it was the insistence of the plaintiff that the policy was procured as a security for the payment of the indebtedness of the defendant to him.
After the rendition of the verdict upon a settled case, and also upon affidavits, the plaintiff moved for a new trial upon the ground of newly discovered evidence. Such newly discovered evidence consisted in part of the written application for the policy of insurance upon the life of the de fendant, and in part of admissions claimed to have been made by the defendant to the uncle and aunt of the parties.
In respect to the application for the policy of insurance the defendant submitted an affidavit of his own, upon the motion, to the effect that he never made application for the policy to his knowledge; that, although the signature to such application was his, and he must have signed it, yet if he did so, he had no knowledge of the character of the instrument to which he so attached his signature; that he was in. the habit of signing notes and other papers, at the request of his brother, without reading them.
The plaintiff, upon the motion, submitted the affidavits of the uncle and aunt to the effect that, in conversation with them, the defendant stated that he was going to New York to attend a medical college, and his brother, the plaintiff, held a life insurance policy upon his life te secure the plaintiff for such money as he should expend for defendant in case he, the defendant, should die before he should graduate or pay it back.
The defendant also procured, and submitted upon this *520 motion, the affidavit of both the uncle and aunt, in which they stated that the affidavits signed by them for the plaintiff in this action were not true respecting such conversation, and that the defendant never told them, as stated in their previous affidavits, that the plaintiff held a life insurance policy upon his life, to secure the plaintiff for such money as he expended for the defendant in case he, the defendant, should die before he graduated, or paid it back. They further stated that they did not understand the yomig man who read the paper to them, to read it in that way, and, if they had done so, they would not have signed and swore to it, and could not, as it was not true.
The motion for the new trial was granted at the special term, and the defendant has appealed from that order.
Motions for new trials, on the ground of newly discovered evidence, are governed by certain rules adopted for the security of parties who have obtained verdicts in civil actions. It must appear that the evidence could not have been obtained with reasonable diligence on the former trial;-..that it must not be merely cumulative, and it must be so decisive in its character that there is a reasonable certainty that on another trial it would producé an opposite result. In our view of this case it cannot be said that a reasonable exertion of diligence would have failed to obtain all the information now possessed by the plaintiff .respecting the application for the policy of insurance upon the life of the defendant. If he obtained such policy, as he says he did, he must know it, and he must have known the company to which such application was made, and it was, therefore, within his power to procure the application, as he has done since the determination of the former trial.
Besides all that, in view of the affidavits read in opposition to this motion, the evidence claimed to have been newly discovered, is by no means decisive in its character, and there is no reasonable certainty that on another trial such testimony would produce an opposite result.
The two witnesses upon which the plaintiff claims to have relied upon the trial, state positively that he can prove no facts by them beneficial to himself.
The affidavits of the uncle and aunt, contradictory as they are, show that their testimony will be by no means beneficial to the plaintiff on a second trial.
Our conclusion is, in view of all the surrounding circumstances, that the same result would be reached upon a second trial as upon the first, and the motion for a new-trial should.have been denied. The order appealed from should therefore be reversed with ten dollars costs and disbursements.
Pratt, J., concurs; Barnard, P. J., dissents.